PER CURIAM.
This cause is before us on petition for writ of habeas corpus and return thereto.
Petitioner is challenging the exclusion of two potential jurors prior to their voir dire examination because they did not believe in capital punishment, and one for cause during the voir dire examination because he stated that he did not believe in the death penalty.
Petitioner’s Rule 1.850, 33 F.S.A. motion was denied by the trial court; the Fourth District Court of Appeal affirmed without opinion. He filed a writ of habeas corpus in the Federal District Court which was denied without prejudice because “said allegations have not yet been considered by the Supreme Court of Florida. Exhaustion of this post-conviction remedy is particularly warranted in light of the recent decision of the Fifth Circuit Court of Appeals in Marion v. Beto, 5th Cir. 1970, 434 *866 F.2d 29.” Petitioner then filed a petition for writ of habeas corpus in this court.
Petitioner contends that under Witherspoon v. Illinois, 1968, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, and Marion v. Beto, supra, he has been denied his constitutional right to a fair and impartial jury. During the voir dire examination of prospective jurors, one stated that “Being honest, I never did believe in the death penalty * * * ” He was then asked whether “you don’t believe you could be a fair and impartial juror in this case?” He replied, “No.” The State challenged and the judge excused the juror.
All other veniremen who were questioned stated that they would impose the death penalty if they felt the defendant were guilty of first degree murder unless there were other circumstances justifying mercy. Petitioner was found guilty of first degree murder without recommendation of mercy and was sentenced to die in the electric chair.
The question before us is whether the Petitioner was denied his constitutional right to an impartial jury because one juror was excused when he stated that he did not believe in the death penalty. We find that Petitioner was not denied that right.
Under the ■ Witherspoon rule, our Petitioner’s panel was constitutionally impartial. In Witherspoon, nearly half of the potential jurors were excused because they were not sure they could impose the death penalty. Anyone voicing any doubt whatsoever as to his ability to impose such a verdict was automatically excluded. The Witherspoon court held:
“ * * * a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction.” (391 U.S. at 522, 88 S.Ct. at 1777.)
In announcing its decision, the United States Supreme Court stated that the question before it was a narrow one and did not include the “right to exclude from the jury in a capital case those who say they could never vote to impose the death penalty.” (391 U.S. at 514, 88 S.Ct. at 1772.)
The excused juror in the instant case did not say whether under certain circumstances he would be willing to impose the death penalty. However, he did say that he “never did believe in the death penalty,” and for that reason he did not feel he could be a fair and impartial juror in the case. Because his answer indicated more than “general objections to the death penalty,” and because the jury was not unfairly packed with jurors willing to impose the death penalty since there was only one motion by the State to exclude for cause and since the State did not use any of its peremptory challenges, we conclude that the jury was impartial by Witherspoon standards.
Petitioner also contends that Marion v. Beto, supra, should be controlling. Marion v. Beto extended Witherspoon ánd possibly embraces the instant case. The Fifth Circuit Court of Appeals was faced with the question of:
“[Wjhether the improper exclusion for cause of a relatively small number of the total number of veniremen questioned on the grounds of mere conscientious scruples against the death penalty deprives the defendant of the impartial jury required by the Sixth and Fourteenth Amendments.” (434 F.2d at 31.)
After citing cases on each side, the Court concluded the better rule was that:
“[0]ne improperly excluded juror may mean the difference between life or death for a defendant. Although a defendant certainly has no assurance that a properly-empaneled jury will not impose the death penalty, it seems to us that in *867 light of the vast difference in treatment which may result from the improper exclusion of a single venireman, even that degree of error is prejudicial to the rights of a defendant in a capital case.” (Emphasis supplied.) (434 F.2d at 32.)
Unless and until the Supreme Court of the United States adopts the Marion rule, we shall remain bound by the holding in Witherspoon.
Accordingly, petition for writ of habeas corpus heretofore issued in this cause is discharged.
It is so ordered.
ERVIN, Acting C. J., CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.